Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 9029
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARAM, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

        Michael Aram, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

        1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4.  Plaintiff MICHAEL ARAM, INC. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located in West Hollywood, California.

5.  Plaintiff is informed and believes and thereon alleges that Defendant WAYFAIR, LLC ("WAYFAIR") is a Delaware limited liability company, with its principal place of business located at 4 Copley Place, Floor 7, Boston, Massachusetts 02116, and is doing business in and with the state of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## BACKGROUND

8.  Michael Aram, owner of MICHAEL ARAM, INC., is an award-winning American artist, trained as a painter, sculptor, and art historian who has designed unique and celebrated sculptures, houseware, and jewelry for thirty (30) years. MICHAEL ARAM enjoys substantial success in the luxury market offering houseware designs created by Michael Aram and owned in exclusivity by MICHAEL ARAM. Plaintiff's original works are featured in popular and influential fashion websites, including *Vanity Fair*, *Elle Decor*, *Portrait*, and *Home & Design*. Plaintiff's products are sold in hundreds of points of distribution through luxury stores including Neiman Marcus and Bloomingdales.

9.  Among the original designs owned by Plaintiff are those depicted below, hereinafter referred to as "Subject Designs." Each of these designs have been registered with the United States Copyright Office prior to the acts alleged herein.

## CLAIMS RELATED TO NEW LEAVES GINKGO DOUBLE COMPARTMENT DISH

12. Plaintiff created and owns an original design used on houseware items entitled New Leaves Ginkgo Double Compartment Dish ("Subject Design A").

13. Prior to the acts complained of herein, Plaintiff marketed and sold houseware items featuring Subject Design A to its customers.

14. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design A, WAYFAIR, DOE Defendants, and each of them purchased, distributed, advertised, and/or sold houseware goods featuring a design which is substantially similar to Subject Design A (hereinafter "Subject Product A") without Plaintiff's authorization, including but not limited to products sold bearing

the name Corning Lotus Dish Decorative, under product SKUs ROHE7296, W001489175, BTDS1881, and GCGC1238.

15. Plaintiff transmitted formal notice complying with 17 U.S.C. § 512 to WAYFAIR on June 3, 2019 advising WAYFAIR of the offending product. However, WAYFAIR has failed to substantively respond to the same.

16. An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

**Subject Design A**          **Subject Product A**



### CLAIMS RELATED TO APPLE HONEY POT WITH SPOON

17. Plaintiff created and owns an original design used on houseware items entitled Apple Honey Pot with Spoon ("Subject Design B").

18. Prior to the acts complained of herein, Plaintiff marketed and sold houseware items featuring Subject Design B to its customers.

19. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design B, WAYFAIR, DOE Defendants, and each of them purchased, distributed, advertised, and/or sold houseware goods featuring a design which is substantially similar to Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to products sold bearing the name Honey Box with Spoon, under product SKU DRBH1470.

1    20. Plaintiff transmitted formal notice complying with 17 U.S.C. § 512 to
2 WAYFAIR on July 10, 2019 advising WAYFAIR of the offending product.
3 However, WAYFAIR has failed to substantively respond to the same.
4    21.  An image of Subject Design B and an exemplar of Subject Product B are
5 set forth hereinbelow:

**Subject Design B**               **Subject Product B**

   

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22.  Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's designs, including, without limitation, the Subject Designs A and B (collectively, "Subject Designs"), including, without limitation, directly through MICHAEL ARAM or its subsidiaries or affiliates, or through (a) access to Plaintiff's on-line website; (b) access to widely circulated magazines' websites that featured Plaintiff's designs; (c) access to illegally distributed copies of Plaintiff's designs by third-party vendors or DOE Defendants;

(d) access to the Plaintiff's designs as sold at retail or on-line retail stores; and (e) access to the Plaintiff's designs as displayed by Plaintiff, and Plaintiff's customers and affiliates, at industry tradeshows.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by procuring, creating, making and/or developing directly infringing and/or unlawful derivative works from Plaintiff's designs, including without limitation the Subject Designs, and by importing, producing, distributing and/or selling infringing houseware through a nationwide network of customers, retail stores, catalogues and through on-line websites. This conduct violated Plaintiff's exclusive rights in the Subject Designs.

25. Due to Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to the Defendants' infringement of Subject Designs in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

    a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing,

offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 23, 2020                           DONIGER/BURROUGHS

By:    */s/ Stephen M. Doniger*
        Stephen M. Doniger, Esq.
        Frank Gregory Casella, Esq.
        Attorneys for Plaintiff